**UNITED STATES of America,**

v.

**Regina J. JOHNSON, Appellant.**

No. 02–1785, 02–1830.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2003.

Decided Feb. 4, 2003.

Before SLOVITER, RENDELL and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Regina Johnson pled guilty to one count of willfully causing the unlawful transfer of identification documents, in violation of 18 U.S.C. § 1028(a)(2) & (b)(2) (2001), and one count of unlawfully accessing a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(c) (2001), and was sentenced to 37 months imprisonment. She appeals the District Court for the Eastern District of Pennsylvania's failure to downward depart for post-rehabilitation efforts. Because we find that Johnson waived her right to appeal her sentence, we do not have jurisdiction to consider the merits of her appeal. We will therefore dismiss the appeal and affirm the judgment of the District Court.

The District Court had jurisdiction under 18 U.S.C. § 3231 (2001). We examine the legality of Johnson's plea agreement de novo. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir.2001).

In October 2001, an information was filed against Johnson charging her with illegally providing fraudulent drivers licenses to 195 individuals and unlawfully accessing the Pennsylvania State Police computer system to do so. In November 2001, Johnson entered into a plea agreement in which she agreed to waive indictment by a grand jury and plead guilty to the two counts. In the agreement, she also entered into a number of stipulations regarding the computation of her guideline range. She agreed to a base offense level of 11, an increase of 9 levels because her offense involved more than 100 fraudulent licenses, an increase of 2 levels for abuse of her position of trust, a downward adjustment of 2 levels for acceptance of responsibility, and a downward adjustment of 1 level for assisting authorities in the investigation. Her final offense level was thus 19, with a criminal history category of I, which carries a guideline range of 30 to 37 months imprisonment. Johnson's plea agreement further provided that "neither party [would] seek any other adjustments or departures under the sentencing guidelines," and that, "in the event that the Court adopt[ed] the parties' stipulated Sentencing Guideline computations ..., the parties agree[d] to knowingly and voluntarily waive their respective rights to file an appeal relating to these particular guideline computations."

In March 2002, Johnson appeared before the District Court for sentencing. The Court fully apprised her of her trial rights and her right to appeal and asked if she understood that if she accepted the plea agreement, she could not appeal her sentence so long as the Court stayed within the guideline range of 30 to 37 months imprisonment. She responded that she did. Later at the hearing, Johnson's counsel moved for a downward departure. When the prosecution pointed out that this was a violation of the plea agreement, Johnson's counsel consulted with Johnson, and then reiterated that she did not wish to withdraw her guilty plea and would abide by the terms of the agreement. Her

928

counsel then stated that he simply wished to present evidence that would convince the Court to impose a sentence at the bottom of the agreed-upon guideline range. After hearing this evidence, the Court sentenced Johnson to 37 months imprisonment, the maximum allowed under the guidelines. Johnson now appeals, requesting that we remand to the District Court for consideration of her post-offense rehabilitation efforts.

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *Khattak*, 273 F.3d at 563. At the sentencing hearing, the Court fully complied with Federal Rule of Criminal Procedure 11 and determined that Johnson's plea was entered into knowingly and voluntarily. On appeal, Johnson does not challenge the plea agreement or contend that the waiver-of-appeals worked a miscarriage of justice. In fact, she does not even mention the waiver. Having independently reviewed the record, we cannot find any evidence of injustice, or even any error, in the calculation of her guideline range. Because she has not proven that her plea was not knowing or voluntary or that the waiver worked an injustice, we find that the waiver-of-appeals is valid, and that we lack jurisdiction to consider the merits of her appeal.[1] Accordingly, we will dismiss the appeals and affirm the judgment of the District Court.

---

1. Because we will dismiss this appeal for lack of jurisdiction, we need not address whether Johnson's sentence should also be affirmed on the grounds that she waived her right to request any downward departures not specifically delineated in the plea agreement.